# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BEVERLY BRABHAM,** <br> **PLAINTIFF,** <br><br> **V.** <br><br> **JEFFERSON COUNTY ALABAMA, et. al.,** <br>         **DEFENDANTS.** | **CV NO.: 2:17-CV- 335-TMP** |

## PLAINTIFF'S FIRST AMENDED AND RESTATED COMPLAINT

Plaintiff Beverly Brabham hereby files this Complaint, stating as follows:

## JURISDICTION

This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to Plaintiff by the Fourth and Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, and arising under law and statutes of the State of Alabama and accordingly, the jurisdiction of this Court is invoked under 28 U.S.C. §1343(a)(3) and 28 U.S.C. § 1367 for any applicable pendent state law claims.

1

## PARTIES[1]

1.     At all material times, Plaintiff, Beverly Brabham was, and still is, a citizen of the United States residing in Adamsville, Alabama and is over the age of 18.

2.     At all material times, Defendant, Mark K. Bassett, a resident of Walker County, Alabama is a Sheriff's Deputy employed by The Jefferson County Sheriff's Department and acting under the color of law.  He is sued in his individual and official capacity.

3.     At all material times, Defendant, Nicholas Vasilakis, a resident of Jefferson County, Alabama is a Sheriff's Deputy employed by The Jefferson County Sheriff's Department and acting under the color of law.  He is sued in his individual and official capacity.

4.     At all material times, Defendant, Ryan Strickland, a resident of Walker County, Alabama, is a Sheriff's Deputy employed by The Jefferson County Sheriff's Department and acting under the color of law.  He is sued in his individual and official capacity.

---

[1] Since Plaintiff has amended her complaint and removed Jefferson County and Sheriff Mike Hale as Defendant Plaintiff requests that the caption of the case be changed to Beverly Brabham v. Mark Bassett, Nicholas Vasilakis, Ryan Strickland D. Gooch, and C. Christensen.

**2**

5. At all material times, Defendant, D. Gooch, a resident of Jefferson County, Alabama, is a Sheriff's Deputy employed by The Jefferson County Sheriff's Department and acting under the color of law. He is sued in his individual and official capacity.

6. At all material times, Defendant, C. Christensen, a resident of Walker County, Alabama is a Sheriff's Deputy employed by The Jefferson County Sheriff's Department and acting under the color of law. He is sued in his individual and official capacity.

7. At all times material hereto, the acts, omission, practices and other conduct of the Defendant was committed under color of state of local law.

8. At all times material hereto, the acts and omissions of the Defendant were committed by Deputies, Bassett, Christesen, Vasilakis, Strickland and Gooch, employees of the Jefferson County Sheriff's Department Police Department, each acting within the course and scope of his employment as a police officer.

## FACTS

9. On February 25, 2016, Ms. Brabham was at her home in Adamsville, Alabama when a domestic dispute erupted between herself and her live-in partner[2,] Donald Mooneyham.

---

2 Brabham also refers to herself as Beverly Mooneyham.

**3**

10. Fearing that the argument would escalate to violence, Ms. Brabham telephoned Jefferson County 911.

11. During the call, Ms. Brabham told the operator that she feared that someone would "die tonight" if Mooneyham did not leave the shared residence.

12. Brabham further told the operator that she wanted Mr. Mooneyham to leave because he had a gun and all she had was a knife to protect herself.

13. During the 911 call, Mooneyham left the residence, but Brabham stayed on the telephone line with the operator.

14. When Mooneyham left the residence, Brabham said that Mooneyham would not point the gun at the police.

15. Brabham then said that she had to protect herself because she was afraid of him.

16. The 911 operator asked Brabham whether she had the knife in her hand.

17. Brabham replied that she did not have the knife in her hand and that it was in the kitchen drawer.

18. Brabham said she just wanted "to be safe tonight" and assured the officer that she had put the knife away.

19. When the Sheriff's Deputies arrived on the scene, the situation had de-escalated.

4

20. In spite of this, the Defendant Deputies pulled their service weapons and demanded that she exit her home.

21. Seeing that there were several weapons trained on her, Brabham told the deputies that she did not want to exit her home.

22. The deputies responded in anger and kept their weapons trained on the entrance to the home.

23. Since she believed that the situation was resolved, Brabham further told the deputies that she did not need them to intervene in the situation.

24. Eventually, the female deputy asked Brabham if she would open the door to make sure that everything was okay.

25. Before Brabham could answer, Deputy Bassett said, "I drove here at 100 miles per hour, she's going to jail tonight."

26. Thereafter, Bassett proceeded to use his bully bar to break into the residence.

27. Once inside, Bassett and the other deputies grabbed Brabham, frisked her and arrested her.

28. Defendants arrested Brabham and taken to the Jefferson County Jail.

29. Once there, Defendant Bassett charged Brabham with two misdemeanors, Disorderly Conduct and Making a False Report, both Class C misdemeanors under Alabama law.

30. Under Alabama law, "[a]n officer may arrest a person without a warrant, …[i]f a public offense has been committed or a breach of the peace threatened in the presence of the officer. Ala. Code § 15-10-3

31. No public offense or breach of the peace had been committed in the presence of the Defendants.

32. The Deputies had no probable cause to arrest Brabham on the charge of Disorderly Conduct.

33. The deputies had no probable cause to arrest Brabham on the charge of Making a False Report.

34. Thereafter, Defendants transported Brabham to the Jefferson County Jail where she remained for several hours before she could be processed and released on her own recognizance.

35. Brabham was made to appear in Jefferson County District Court to defend case numbers DC-16-2300 and DC-16-2301.

**6**

36. Defendants failed to attend the Court hearings that were scheduled until the charges against her were finally dismissed for want of prosecution on October 19, 2016.

37. The Fourth Amendment to The United States Constitution states "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

38. Because of Defendants conduct, Ms. Brabham suffered physical and psychological injuries.

39. Because of Defendants' conduct, Ms. Brabham's quality of life has suffered substantially.

40. At no time did Ms. Brabham do anything to justify a warrantless seizure.

41. At no time did Ms. Brabham do anything to justify Deputy Bassett in swearing out two warrants against her.

## **COUNT I - 42 U.S.C. § 1983 - ILLEGAL SEIZURE**

## **AGAINST ALL DEFENDANTS**

42. Each of the preceding paragraphs of this Complaint is incorporated and re-alleged as if fully restated herein.

43. On or about February 25, 2016, Defendants, acting under color of law within the meaning of 42 U.S.C. § 1983, entered plaintiffs home without probable cause or reasonable suspicion and without a warrant.

44. Defendants did thereby deprive plaintiff of her rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, Defendants violated Plaintiff's right to be free from unlawful searches and seizures.

45. On or about February 25, 2016, Defendants, acting under color of law within the meaning of 42 U.S.C. § 1983, seized plaintiff without probable cause or reasonable suspicion and without a warrant.

46. Defendants did thereby deprive plaintiff of her rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, Defendants violated Plaintiff's right to be free from unlawful searches and seizures.

47. As a result of the conduct of the Defendants, Plaintiff has been caused to suffer physical and emotional injuries and damages, embarrassment, and humiliation and has been caused to incur other expenses.

## COUNT II - MALICIOUS PROSECUTION

## AGAINST MARK BASSETT

48. Each of the paragraphs of this Complaint is re-alleged and incorporated as if fully restated herein.

49. Defendant, Bassett, initiated a judicial proceeding against Plaintiff for Disorderly Conduct on or about March 11, 2016.

50. That warrant, which arose out of the illegal detention for making Officer Bassett come to the scene lacked probable cause.

51. Defendant Bassett's actions, in swearing out a warrant because he believed he had driven to the scene at 100 miles an hour.

52. On or about November 7, 2016, the proceeding instituted in Jefferson County, Alabama was dismissed in favor of Brabham.

53. Because of Defendant's malicious actions, Plaintiff must suffer the indignity of having an arrest for disorderly conduct on her record, was detained for several hours, and was subjected to attending multiple court appearances until the case was eventually dismissed.

WHEREFORE, Plaintiff Brabham prays this Court grant the following relief on his state law claim.

A. Judgment for compensatory damages against the Defendant;

B. Judgment for punitive damages against the Defendant

C. Judgment for pre-judgment interest on all economic losses and for delay in payment against each the Defendant;

D. A trial by jury on all issues so triable; and

E. Such other and further relief that this Court may deem just, proper and appropriate against the Defendant.

F. Plaintiff seeks compensatory and punitive damages, costs, attorneys' fees, interest, and any other relief allowed under Alabama law.

Respectfully submitted, this the 15th day of May 2017.

/s/Kira Fonteneau
Kira Fonteneau (ASB-7338-K58F)

OF COUNSEL:
FONTENEAU & ARNOLD, LLC
2151 Highland Avenue Suite, Suite 110
Birmingham, AL 35205
205.252.1550 Office
205.502-4476 Facsimile

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

**PLEASE SERVE DEFENDANT AS FOLLOWS:**
Mark K. Bassett
323 Phillips Chapel Rd
Empire, Al 35063-3901

Nicholas Vasilakis
2162 Great Rock Rd
Vestavia, Al 35216-2134

C. Christesen
2200 8th Ave North
Birmingham AL, 35203

Ryan Strickland
139 Curtis Rd
Jasper, Al 35503-4002

D. Gooch
2200 8th Ave North
Birmingham AL, 35203

Respectfully submitted this 15th day of May 2017.

                                        /s/*Kira Fonteneau*
                                       Attorney for plaintiff